**In re Joseph GREEN, Debtor.**

**In re Edward and Candy Hall, Debtors.**

**In re Beth Hyman, Debtor.**

Nos. 03–52732, 03–50554, 03–54114.

United States Bankruptcy Court,
D. Nevada.

Feb. 18, 2005.

David Rankine, Reno, NV, for Debtor.

William A. Van Meter, Reno, NV, Chapter 13 Trustee.

### MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

In the above-captioned chapter 13 cases, the debtors (the "Debtors") seek orders compelling the issuance of their discharge. The chapter 13 trustee ("Trustee") opposes the motion based on *In re Avery*, 272 B.R. 718 (Bankr.E.D.Cal.2002). For the reasons stated below, in two of the cases, the Debtors' motions are granted. In the third, it is denied without prejudice. The reasons for the Court's decision are set forth below.

### SUMMARY OF FACTS

The Debtors' motions came on for hearing before the undersigned judge on February 1, 2005. The facts of the cases vary slightly. However, they all present the same legal issue: i.e., whether a chapter 13 debtor's discharge may be deferred for four to six months until the Trustee's final report is approved and the case is ready to be closed. One of the three cases presents an additional issue which has not been addressed by the parties: i.e., whether a debtor is entitled to a discharge without notice to creditors when the plan does not provide for an early payoff and the debtor has made payments under the plan for less than three years.

**Joseph Green:** The Green case was filed on August 11, 2003 as a chapter 7 case. It was converted to chapter 13 on January 12, 2004. A plan was confirmed on August 27, 2004. The plan permitted an early payoff through a refinance of the debtor's real property. On September 1, 2004, an order approving the sale of the debtor's real property was approved. On January 10, 2005, the debtor filed a motion seeking issuance of his discharge on the ground that he had completed his plan payments. The Trustee opposed the motion on the ground that, although it appeared that the debtor had made all his plan payments, the case was not ready to be closed. On January 19, 2005, the Trustee filed a final report and account.

**Edward and Candy Hall:** The Hall case was filed on February 25, 2003, also as a chapter 7 case, and was converted to chapter 13 on July 11, 2003. A plan was confirmed on February 3, 2004. Although the plan did not originally permit an early payoff, an order approving a modification to the plan to permit an early payoff was approved on November 1, 2004. On January 10, 2005, the debtors filed a motion seeking issuance of their discharge on the same ground as in the previous case. The Trustee opposed the motion on the same ground. No final report and account has yet been filed.

**Beth Hyman:** The Hyman case was filed as a chapter 13 case on December 12, 2003. A plan was confirmed on May 18, 2004. The plan did not expressly permit an early payoff. However, on January 10, 2005, the debtor filed a motion seeking issuance of her discharge, stating that she had made all the payments required by the plan. The Trustee opposed the motion on the same ground as in the other two cases. On January 19, 2005, the Trustee filed his final report and account.

### DISCUSSION

The Debtors contend that they have made all their plan payments and, pursuant to 11 U.S.C. § 1328(a), are entitled to their discharge. Section 1328(a) provides that: "As soon as practicable after completion by the debtor of all payments under

the plan...the court shall grant the debtor a discharge." The Trustee takes the position that the Debtors' discharge should not be granted until the case has been fully administered, the final report and account has been approved, and the case is ready to be closed. He bases this position on *In re Avery,* 272 B.R. 718 (Bankr.E.D.Cal. 2002).

In *Avery,* a creditor with a stipulated nondischargeable judgment in an amount in excess of $11,000 filed a timely proof of claim in a chapter 13 case. Through an oversight, the trustee scheduled the claim amount as zero. Since the debtor's other claims were nominal, before long, it appeared that the debtor had completed his plan payments. As a result, the trustee filed his final report and account, which was approved, the debtor received a discharge, and the case was closed.[1]

When the judgment creditor received notice of the debtor's discharge, it filed a motion to vacate the discharge. The bankruptcy court granted the motion, citing as authority *In re Cisneros,* 994 F.2d 1462 (9th Cir.1993). In *Cisneros,* under similar circumstances, the Ninth Circuit held that the debtor's discharge could be vacated pursuant to Rule 60(b) of the Federal Rules of Civil Procedure provided that the motion to vacate were filed within a reasonable time. *Avery,* 272 B.R. at 731–33.

The *Avery* court scrutinized the procedures that led to this mistake going undetected until after the case was closed. It noted that no notice had been given to creditors of the final report and account before it was approved and the debtor's discharge was granted. Although the court conceded that there was no express requirement in the Bankruptcy Code or Rules that notice be provided, it concluded

that such a requirement could be inferred from Rule 5009 of the Federal Rules of Bankruptcy Procedure. Rule 5009 provides that there will be a presumption that a chapter 13 estate has been fully administered if no objection is made to a final report within thirty days after it is filed. The *Avery* court reasoned that, unless the final report is served on creditors, creditors cannot be expected to object to it. *Avery,* 272 B.R. at 728.

Although the debtor's discharge was not granted before the final report was approved in *Avery,* the *Avery* court went on to opine that a chapter 13 debtor's discharge should not be granted until the final report is approved. It stated that:

> If the purpose of the final report in a chapter 13 case is to insure that the trustee has fully administered the estate, and if payment of claims in accordance with the plan is an element of administering the estate, one would expect the court to issue the debtor's discharge after it approves the final report. [Citations omitted] Logic suggests that the entry of a chapter 13 discharge, like approval of the final report, hinges upon a showing that claims were paid in accordance with the plan.... The court noted further that: "The approval of the final report...signals to the court that it is appropriate both to discharge the debtor and close the estate because it has been fully administered."

*Avery,* 272 B.R. at 728–29.

The *Avery* court acknowledged that this procedure could result in a "significant lag between the debtor's last plan payment and the entry of a discharge." It conceded that this could be seen as at variance with the requirement in 11 U.S.C. § 1328(a)

---

**1.** The procedure then in place did not require that notice of the final report and account be provided to creditors before it was approved. The final report compounded the original error by stating that the judgment creditor had not filed a proof of claim.

that the debtor's discharge be issued as soon as practicable after plan payments are completed. However, it concluded that any prejudice to the debtor based on this delay "[paled] in comparison to the delay inflicted upon the debtor's creditor's throughout the chapter 13 case." *Id.* at 729.[2]

■ Clearly, everything in *Avery* is dicta other than the decision to grant the motion to vacate the debtor's discharge. Moreover, even the holding of the case has no precedential value in Nevada. The Court finds the rationale in *Avery* unpersuasive. The Bankruptcy Code provides that a chapter 13 debtor is entitled to receive a discharge promptly after completing his plan payments. *See* 11 U.S.C. § 1328(a).

If the Trustee believes the payments have been completed, he should certify to the court that the discharge should be issued. Any other procedure appears to be contrary to the express terms of the statute. If the Trustee wishes to protect himself from certifying a case for a discharge erroneously, it should be the Trustee's burden to give notice and opportunity to object to all parties in interest. The issuance of a discharge within 30 days to 45 days of plan payment completion would qualify as the prompt issuance of a discharge.

■ The *Avery* court's rationale that the prejudice caused by deferring the discharge pales by comparison to the prejudice to creditors caused by various bankruptcy provisions seems flawed. The Court may not determine when to grant a chapter 13 debtor his discharge based on a balancing of harm test. The timing is dictated by Congress as set forth in 11 U.S.C. § 1328(a). Moreover, the prejudice caused to creditors by various bankruptcy provisions is also the result of legislative action.

Second, although Rule 5009 may well suggest that a final report should not be approved without prior notice and opportunity to object to creditors, no such inference may be drawn with respect to the issuance of a chapter 13 debtor's discharge. Nothing in the Bankruptcy Code or Rules ties the issuance of the debtor's discharge to approval of the final report. If Congress had wanted to defer issuance of a debtor's discharge until the final report was approved, presumably, it would have said so. Section 1328(a) appears to reflect a contrary will: i.e., that the issuance of the discharge not be deferred until the final report is approved.

Finally, even if the timing of the discharge were based on a balancing test, the Court would still grant the motions. In *Avery*, a mistake was made by the trustee, and a discharge was erroneously granted. However, the mistake was corrected when the motion to vacate the discharge was granted. There is no evidence that anyone was seriously prejudiced by the mistake. Presumably, such mistakes are rare. Why then impose on all chapter 13 debtors a four to six month waiting period before they receive their discharge on the remote chance that a mistake has been made, particularly a mistake than can be corrected later?

■ However, the motion will be denied in the Hyman case for another reason. As noted above, the plan did not provide for an early payoff. The debtor's motion for a discharge based on the early

---

**2.** The *Avery* court stated that, "[i]f approval of the final report will be unduly delayed in a particular case and the debtor has a legitimate need for the early entry of a discharge," it would entertain a motion for entry of the discharge prior to approval of the final report provided the motion is served on all parties in interest and set for hearing. 272 B.R. at 731.

payoff was not served on creditors. Section 1325(b)(1)(B) provides that, if the trustee or the holder of an allowed unsecured claim objects to confirmation, the Court may not confirm a plan that fails to require the debtor to contribute his or her disposable income for at least three years. In Hyman, the motion for a discharge amounts to a de facto motion to modify the plan to provide for an early payoff without notice to creditors. This would appear to violate 11 U.S.C. § 1325(b)(1)(B). Thus, the Court will deny the motion without prejudice in the Hyman case pending the provision of such notice.

## CONCLUSION

In the Green and Hall cases, the Debtors' motions for issuance of their discharge are granted. In the Hyman case, the Debtor's motion is denied without prejudice. The Debtors' attorney is directed to submit a proposed form of order in accordance with this decision.